## Noble et al. v. Richie.

(Decided March 6, 1931.)

WOOTTON, HELM & WOOTON for appellants.

J. W. CRAFT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The chief complaint made of the judgment from which this appeal is prosecuted is that it dimissed a certain claim of $562.50 asserted by Brack Noble against Zack Richie. In the early part of the year of 1921, Boyd Nickles owned lots 4 and 5 of Holiday division No. 2 in Duane, Perry county, Ky. Nickles conceived the idea of erecting a two-story building thereon in which there were to be two storerooms on the lower floor and the upper floor was to be divided into two 5-room apartments, one over each store. Nickles arranged with one Max Mazer, to lease to Mazer one of these storerooms and the apartment above it for $1,500, which Mazer paid to Nickles and which Nickles used in the construction of this building. This $1,500 covered the rent of Mazer for the occupation of this property to September 15, 1922.

Financial obligations pressed upon Nickles, and he invited Brack Noble to buy a one-half interest in the building, which Noble did on October 27, 1921, and on that same day Nickles and Noble leased the remaining storeroom in this building and the apartment above it to Zack Richie, for which Richie agreed to pay to Nickles and Noble $125 per month. Richie was to take possession, so Noble alleges, upon November 15, 1921; the proof, however, is November 1, 1921.

Richie made one payment of $125 to Noble and Nickles, and on December 3, 1921, Richie bought from Nickles his half interest in this property. Thereafter Richie paid no rent, though Noble alleges and testified that Richie was to pay him $62.50 per month for the nine months that would elapse between December 15, 1921, and September 15, 1922. After that time Noble was to take the rent thereafter paid by Mazer for the portion Mazer was occupying and Richie was to occupy his half rent free after September 15, 1922. Noble has one witness by which he proves this. Richie says he did not remember any such agreement. He insists that he bought the half of the building he was occupying. At the time these men bought out Nickles, Noble assumed and agreed to pay $1,494.14 which Nickles owed on the property, and Richie assumed and agreed to pay $1,294.50 which Nickles owed on the property.

Nickles did not make to these parties a deed when he first contracted to sell to them, but on the 25th of September, 1922, he did make them a deed in which he recited

that there was still $730.50 due from Richie and $341 due from Noble.

In the early part of 1923 these two tenants in common, Zack Richie and Brack Noble, began to sue each other. We shall not attempt to detail the multifarious pleadings which they filed. The suits were consolidated and practically amount to this: They want the property sold for division and want a settlement of claims which they have asserted against each other. This claim of Nobles for $562.50 for nine months' rent at $62.50 per month is really the bone of contention between these men.

If Nickles had not sold to Richie, it would be clear Richie would have to pay to Noble and to Nickles $62.50 each, monthly. Noble did nothing at all; yet because Richie bought out Nickles he has through some erroneous process of reasoning concluded he does not owe Noble any rent thereafter, and the trial court fell into the same error and disallowed this claim, whereas it should have been allowed as prayed for.

The court properly allowed Richie a claim against Noble for $188.27 for repairs and improvements subject to a credit thereon for $175 for rent which Richie admitted collecting, but the court erred in allowing Richie a lien for this. These men were tenants in common, not partners; this is merely a general claim.

We have already called attention to a claim for $341 which Noble was to pay. He did not pay it, and, the claimant having asserted a mechanic's lien therefor, Richie paid it to prevent a sale of the property. Richie is entitled to recover from Noble what he paid on this account. He first claimed $374.90 and later increased his demand to $474.90, which the court allowed. We find the court made an error in this amount. The claim was but $341 to start with, and Richie let Noble have $100 to pay on it, thus reducing it to $241, and, while Richie was entitled to a claim for this $100, there is but one way to account for this claim growing from $241 to $474.90, and that is that this $100 item has been allowed twice. The court should have allowed Richie only $374.90.

Judgment reversed, with directions to enter judgment as indicated.